UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHUQUALAK LUMBER CO., INC.                                              PLAINTIFF

VS.                                                         CIVIL ACTION  NO. 1:08CV297-P-S

FRANCES JEAN LEWIS HARDIN,
JOANN WHITE BROOKS, ADMINISTRATRIX OF
THE ESTATE OF KENNETH LEWIS,
AND ALL KNOWN AND UNKNOWN HEIRS OF
KENNETH LEWIS                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

Before the court is Plaintiff Shuqualak Lumber Company, Inc.'s ("Shuqualak") Motion for Default Judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure.  The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.  The undersigned, having duly considered the motion and being fully apprised in the premises, hereby finds as follows:

On December 19, 2008, Shuqualak filed a Complaint for Interpleader in order to interplead the 401(K) retirement funds of decedent, Kenneth Lewis, into the registry of the court, so that the court and all interested parties could determine who is entitled to the funds.

On February 19, 2009, the court entered an Order Allowing Deposit of Funds, and on March 11, 2009, Shuqualak deposited the sum representing the total benefits in decedent Kenneth Lewis' retirement fund in the amount of Twenty Four Thousand Three Hundred Fifty Nine Dollars and Twenty Three Cents ($24,359.23).

On December 30, 2008, Defendant Joann White Brooks, interested party and Administratrix of Kenneth Lewis' estate, was duly served with a summons and a copy of the Complaint.

More than twenty (20) days have elapsed since December 30, 2008, and Defendant Joann White Brooks, Administratrix of Kenneth Lewis' estate, has failed to answer or otherwise defend against Shuqualak's Complaint in Interpleader or to serve a copy of an answer or other responsive pleading to counsel for the plaintiff.

On May 28, 2009, the Deputy Clerk of this court, after reviewing the Application for Entry of Default and supporting Affidavit, signed an Entry of Default against Defendant Joann White Brooks.

A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted. *See Gulf Coast Galvanizing, Inc. v. Steel Sales Co.,* 826 F.Supp. 197, 203 (S.D. Miss. May 7, 1993)(citing *Gen. Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D. Conn. 1984)); *Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund"). Thus, I find that the defaulted defendant by her failure to answer or otherwise respond to the complaint has forfeited any claim to proceeds from the interpleaded funds.

Therefore, it is my recommendation that the plaintiff, Shuqualak Lumber Company, Inc., be granted a default judgment against the defendant, Joann White Brooks, for the relief requested in the plaintiff's Complaint in Interpleader. More specifically, it is recommended that Joann White Brooks, as Administratrix of the Estate of Kenneth Lewis, be dismissed from this action as an interested stakeholder and that any potential claim said defendant may have against Shuqualak with regard to the subject interpleaded funds be discharged.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The

parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 22nd day of July, 2009.

/s/ **David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**